1   LAWRENCE A. FORBES
    Williams, Beck, & Forbes
2   670 S. Lafayette Park Place
    Los Angeles, CA 90057
3   Telephone: (213) 388-2211
    Facsimile: (213) 399 2251
4   E-Mail: l.forbes@sbflawfirm.com

5   JOHN YZURDIAGA
    Law Offices of John Yzurdiaga
6   800 Wilshire Boulevard #1510
    Los Angeles, CA 90017
7   Telephone: (213) 622-9262
    Facsimile: (213) 622-0445
8   E-Mail: johnxyz@sbcglobal.net

9   Attorneys for Defendant
    Raul Robledo

10

11              UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA

13
    UNITED STATES OF AMERICA,      )    NO. CR 05-578-JFW
14                                 )
                    Plaintiff,     )    SEPARATE JOINT STATEMENT OF
15                                 )    DEATH PENALTY ELIGIBLE
           v.                      )    DEFENDANTS RE: SCHEDULING
16                                 )    OF MOTIONS AND JURY TRIAL
    RAFAEL YEPIZ, et al.,          )
17                                 )
                                   )
18                  Defendants.    )
                                   )
19   _____

20       Defendants Horacio Yepiz, by and through his attorneys or

21   record, Ezekiel L. Perlo and Richard G. Novak, Javier Covarrubias

22   by and through his attorneys of record, Michael R. Belter and

23   Yolanda Barrera, and Raul Robledo, by and through his attorneys

24   of record, Lawrence A. Forbes and John Yzurdiaga and the

25   Plaintiff, the United States of America, by and through its

26   counsel, Assistant United States Attorneys Mark A. Young and

27   Peter Hernandez, hereby file this SEPARATE JOINT STATEMENT OF

28   DEATH PENALTY ELIGIBLE DEFENDANTS RE: SCHEDULING OF MOTIONS AND

1   JURY TRIAL for this Court's consideration prior to the status

2   conference to be held in this matter on August 26, 2005, at 8:00

3   a.m.

4   DATED: August 23, 2005            Respectfully submitted,

5                                     DEBRA WONG YANG
                                      United States Attorney
6
                                      THOMAS P. O'BRIEN
7                                     Assistant United States Attorney
                                      Chief, Criminal Division
8

9                                     _____
                                      MARK A. YOUNG
10                                    PETER A. HERNANDEZ
                                      Assistant United States Attorneys
11                                    Narcotics Section

12                                       Attorneys for Plaintiff
                                         United States of America
13

14

15
                                      _____
16                                    YOLANDA BARRERA
                                      Attorney for Defendant
17                                    Javier Covarrubias
                                      and on behalf of all attorneys and
18                                    defendants referenced above.

19

20

21

22

23

24

25

26

27

28

**SEPARATE JOINT STATEMENT OF DEATH PENALTY ELIGIBLE DEFENDANTS RE:**

**SCHEDULING OF MOTIONS AND JURY TRIAL**

**I**

**INTRODUCTION**

At the last status conference in this matter, on August 5, 2005, this Court identified a potential motions cut-off date in October 2005, and a potential jury trial date of early May 2005 [the "proposed dates"]. This Court thereafter ordered the United States and the Defendants to meet, confer and file a joint statement responding to the Court's proposed dates.

A meet and confer was held at the Roybal Federal Building on August 16, 2005. Each of the death penalty eligible ("DPE") Defendants who have appeared in this district were represented by court-appointed counsel at this meet and confer. This meet and confer was held with the United States separate from the non-DPE Defendants.

At this separate meet and confer, the DPE Defendants agreed that it made sense for the DPE defendants to be on a separate motion (except any motions to suppress the wiretap evidence) and trial schedule from the non-DPE defendants due to the death penalty protocol which needed to be followed.

The defendants expressed their position (which the government opposes) that they believed this Court should immediately sever the 7 DPE Defendants from the 37 non-DPE Defendants. Further, the defendants expressed their position that this Court should not set any dates until all 7 DPE Defendants have appeared or counsel have been appointed for them. Finally, the defendants indicated their position that the first

1   date that should be set by this Court, prior to a setting of any

2   motion or trial date, was the date for the <u>initiation</u> of the

3   Department of Justice's ("DOJ") Death Penalty Protocols ("DPP").

II

**THE DEATH PENALTY PROTOCOL**

6        The DOJ DPP is a two-step process.  The first step commences

7   with a written and in-person presentation by each DPE Defendant

8   to the local Office of the United States Attorney ("OUSA")

9   addressing the propriety of seeking or not seeking the penalty of

10  death.  After this presentation, the OUSA must make a written

11  recommendation to the DOJ.  Thereafter, the DOJ schedules an

12  additional in-person presentation by the DPE Defendants in

13  Washington D.C., and then eventually determines whether or not

14  the United States will seek the penalty of death if it obtains a

15  conviction on an offense punishable by death.

16       There are no statutes governing when these presentations

17  must take place.  The parties agree, however, that these

18  presentations cannot take place until the DPE Defendants have had

19  adequate time to investigate the case and <u>fully-develop</u> all of

20  the potentially exculpatory and mitigating evidence that could be

21  presented on behalf of a DPE Defendant at the penalty phase of

22  this trial.  A non-exclusive list of the potentially mitigating

23  factors that a DPE Defendant would ask the OUSA and DOJ to

24  consider are listed at 18 U.S.C. § 3592.

25       According to data collected by the death penalty resource

26  counsel affiliated with the Office of Defender Services of the

27  Administrative Office of the United States Courts, the average

28  period of time from the unsealing of an indictment to the initial

- 2 -

1  presentation by DPE Defendants to a local OUSA in cases filed by

2  the Ashcroft DOJ was <u>14 months</u>.  In the instant matter, only 3 of

3  the 7 DPE Defendants have appeared in this district and are

4  represented by counsel.

5      In this indictment, the United States alleges the murder of

6  3 individuals and the attempted murder of numerous other

7  individuals.  Given the number of DPE Defendants, alleged murders

8  and other crimes of violence, it is likely that the authorization

9  process in this case will be just as time-consuming, if not more

10  so, than the average federal death penalty case filed in recent

11  years.

12      Additionally, the Government has not yet provided the DPE

13  Defendants with evidence related to the murder allegations.  The

14  DPE Defendants submit that it would be premature for the Court to

15  set a date for the filing of the DPE Defendant's written

16  submissions to the OUSA death penalty authorization committee

17  prior to the DPE Defendants having had sufficient time to

18  thoroughly review and analyze the murder evidence and identify

19  and develop mitigating evidence.

20                              **III**

21                           **SEVERANCE**

22      The DPE Defendants believe that an order requiring DPE

23  Defendants to litigate all of their motions and prepare for trial

24  before they have had time to fully develop their presentations to

25  the OUSA and DOJ could constitute ineffective assistance of

26  counsel.  The parties understand the Court's order regarding

27  noticing motions pursuant to the local rules and will do so

28  shortly.  The DPE defendants believe that a severance order would

                              - 3 -

1   divert the attention of the attorneys, investigators, mitigation

2   specialists and other experts from the more primary need to focus

3   on the preparation of presentations pursuant to the DPP.  The

4   government believes that a severance is premature at this time

5   and a formal motion should be brought if this is the DPE

6   Defendants' position.

7        The DPE defendants' position is that given the overall

8   structure of the indictment, severance of parties and counts is

9   inevitable, and the Court should consider severance of all of the

10  DPE Defendants from the remaining 37 defendants at the earliest

11  possible opportunity.  Severance of the 7 DPE Defendants at this

12  early stage of the case would permit this Court to schedule

13  motions cut-off and jury trial dates for the non-DPE Defendants

14  that do not interfere with the very time-consuming and critically

15  important DPP.  The DPE defendants' position is that the ultimate

16  decision of the DOJ regarding imposition of the penalty of death

17  will have a significant impact on the nature of the litigation

18  that follows.

19       For these reasons, the DPE defendants will seek a severance

20  from the non-DPE defendants in the near future.

21                                IV

22              **TRIAL AND OTHER TIME COMMITMENTS**

23       In summary, the DPE defendants' position is that no motion

24  and trial schedule can be set at this time given the fact that

25  not all of the DPE defendants have appeared.  Once all have

26  appeared, this issue can be revisited.  In addition, given the

27  protocol which must be followed with respect to death penalty

28  eligible defendants, the time and energy of both appointed

1  counsel must be directed to the preparation for the presentations

2  which must be made the OUSA and later to DOJ.  To do this,

3  counsel for each DPE defendant must be thoroughly familiar with

4  the evidence and with the background of the defendant.

5      Given the vast amount of time necessary to prepare for such

6  presentation, the DPE Defendants believe that the early dates

7  proposed by this Court are unrealistic.  In addition, those dates

8  are impossible given the various trial schedules and other time

9  commitments of the various attorneys.  Please see attached

10  letters from various attorneys which set forth various problems

11  with the motion and trial schedule as well as the various

12  counsel's other time commitments.

13                                    V

14                              CONCLUSION

15      DPE Defendants agree as follows:

16      (1) That as to the DPE defendants, this Court defer the

17  scheduling of motions cut-off and trial dates until <u>after</u> the

18  conclusion of the DOJ DPP process (the government opposes this

19  request);

20      (2) This Court schedule a status conference for only the DPE

21  Defendants once all of the DPE Defendants have appeared in this

22  District and/or this Court has appointed counsel for them for the

23  purpose of identifying a realistic date for the initiation of the

24  DOJ DPP process (the government opposes this request);

25      The parties agree:

26      (3) This Court schedule a status conference for May 2006,

27  for the setting of additional motions hearings and trial date.

28

# YOLANDA BARRERA
## *Attorney at Law*

421 E. Huntington Drive, Monrovia, California, 91016

August 9, 2005

**SENT VIA FAX TO 213-894-0142**
Mark A. Young
Assistant United States Attorney
312 No. Spring Street
1500 U.S. Courthouse
Los Angeles, CA   90012

Re: United States v. Yepiz
    CR 05-578-JLW
    My client: Javier Covarrubias

Dear Mr. Young:

     I write to advise you of my concerns regarding the Court's proposed trial date in this case.  First, I do not believe that a May, 2006, trial date is a realistic date in view of the following:
     (1) most of the discovery is still outstanding;
     (2) Capital counsel and I were just appointed a week ago and although we have requested it, we have not yet received the discovery materials to begin our preparation;
     (3) Before we can even begin the review of the documents/discovery, our priority is to obtain an investigator and mitigation specialist. This will take some time to locate, interview and assist in the appointment of these experts.
     (4) Once we obtain the experts, our next step is to prepare a budget as ordered by the court.  That will take some time to prepare.
     (5)  The review of the discovery materials, even those available at this time, will be time consuming and I do not believe we can file the motions regarding wiretap and search issues in the time frame suggested thus far by the court.
     (6) Once the additional discovery materials are available, we can make an informed decision regarding our estimate of time necessary to prepare for trial, keeping in mind the death penalty aspect of this case;
     (7) Since Mr. Covarrubias is death penalty eligible, we need to begin the preparation of this aspect of the case.  Given the procedures that I anticipate will be followed in this case, I do not expect that the time frame suggested by the court provides us with sufficient opportunity to prepare for this interview with your Office and possibly the Justice Department in Washington D.C.

Tel (626) 574-1053          Fax (626) 574-9043
E-mail : ybarrera@sbcglobal.net

Page 2
Covarrubias

(8) Because not all of the death penalty defendants are in this district yet, this causes a problem with respect to the preparation of the mitigation aspect of this case since part of the consideration is a comparison between/amongst the defendants.

(9) In addition, the fact that no attorneys have been appointed for those absent defendants also suggests that the proposed dates for motions and trial are unrealistic.

(10) Finally, I have substantial other time commitments which will prevent me from being ready for a trial on May 2006.  These time commitments are as follows:

a.  August 23, 2005, trial in United States v. Anna dela Rosa, CR 04-359-TJH.  This is a single defendant case where client is charged with bank and wire fraud.  The trial estimate is 3 days.

b.  September 6, 2005, trial in United States v. Ortiz,  CR 04-1239(A)-CAS.  This is a multiple defendant case where client is charged in a drug conspiracy and possession of drugs.  The trial estimate is unknown but I would expect it to be at least one week.

c.  October 11, 2005, trial in United States v. Nunez, CR 04-945(A)-RMT.  This is a single defendant case where client is charged with conspiracy to possess drugs, possession of drugs with intent to distribute and a 924(c).  I expect this trial to last 2-3 days.

d.  December 13, 2005, trial in United States v. Lipton, 05-316-DSF.  This is a multiple defendant complex case wherein the client is charged with various major frauds.  The trial estimate is 3 months.

e.  Vacation schedule: I have prepaid, non-refundable tickets for a vacation from November 9, until November 18, 2005.

Sincerely,

Yolanda Barrera

# MICHAEL R. BELTER
### ATTORNEY AT LAW

(626) 796-2599
Fax (626) 432-1934

65 NORTH RAYMOND AVENUE, SUITE 320
PASADENA, CALIFORNIA 91103

E-MAIL
mbelter@sbcglobal.net

**SENT VIA FAX TO 213-894-0142**
Mark A. Young
Assistant United States Attorney
312 No. Spring Street
1500 U.S. Courthouse
Los Angeles, CA  90012

August 15, 2005

Re: United States v. Yepiz
    CR 05-578-JLW
    Javier Covarrubias

Dear Mr. Young:

     I have been appointed as capital counsel for Javier Covarrubias. My co-counsel is Yolanda Barrera. I join in Ms. Barrera's previous remarks and concerns regarding a May 2006 trial date. In addition, I have substantial other time commitments which will prevent me from being ready for a trial in May 2006.  These time commitments are as follows:

     a. Currently in trial in People v. Joe Henry Abbott, FWV 021471. This is a special circumstance case where client is charged with bank robbery and murder. The trial estimate was eight weeks.

     b. Mid October, 2005 trial date in People v. Janeen Snyder 096758, a two defendant special circumstance murder case. The trial is expected to be at least two months.

     c. Vacation schedule: I have prepaid, non-refundable tickets for a vacation from October 5 through October 15, 2005.

Sincerely,

Michael R. Belter, Esq.

```
1   DEBRA WONG YANG
    United States Attorney
2   THOMAS P. O'BRIEN
    Assistant United States Attorney
3   Chief, Criminal Division
    MARK YOUNG (State Bar No. 179376)
4   PETER HERNANDEZ (State Bar No. 178104)
    Assistant United States Attorneys
5   Narcotics Section
         1400 United States Courthouse
6        312 North Spring Street
         Los Angeles, California 90012
7        Telephone: (213) 894-6527/6681
         Facsimile: Mark.Young@usdoj.gov
8                   Peter.Hernandez@usdoj.gov

9
    EZEKIEL L. PERLO (SBN 38158)
10  16133 Ventura Blvd. Suite 600
    Encino, CA  91436
11  Telephone: 818-990-7202
    Facsimile: 818-990-7630
12  E-Mail: zperlo9@aol.com

13  RICHARD G. NOVAK (SBN: 149303)
    LAW OFFICES OF RICHARD G. NOVAK
14  959 East Colorado Blvd., Suite 1B
    Pasadena, CA  91106
15  Telephone: 626-396-9206
    Facsimile: 626-396-9208
16  E-Mail:  richard@rgnlaw.com

17  Attorneys for Defendant
    Horacio Yepiz
18

19  MICHAEL R. BELTER
    Law Offices of Michael R. Belter
20  65 N. Raymond Ave, #320
    Pasadena, CA 91103
21  Telephone: (626) 796-2599
    Facsimile: (626) 685-2562
22  E-Mail: mbelter@sbcglobal.net

23  YOLANDA BARRERA (SBN 91582)
    Law Offices of Yolanda Barrera
24  421 E. Huntington Dr.
    Monrovia, CA 91016
25  Telephone: (626) 574-1053
    Facsimile: (626) 574-9043
26  E-Mail: ybarrera@sbcglobal.net

27  Attorneys for Defendant
    Javier Covarrubias
28
```

**CERTIFICATE OF SERVICE**

I, **ALEX SILVERIO**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **SEPARATE JOINT STATEMENT OF DEATH PENALTY ELIGIBLE DEFENDANTS RE: SCHEDULING OF MOTIONS AND JURY TRIAL**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**SEE ATTACHED SERVICE LIST:**

This Certificate is executed on **AUG. 23, 2005,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
**ALEX SILVERIO**